IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **CLINT MCCOY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-12889 |
| ) | |
| **COX COMMUNICATIONS,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, CLINT MCCOY, by Counsel, and files his Complaint against Defendant, COX COMMUNICATIONS and in support of such states as follows:

### I.  NATURE OF THE ACTION

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000*e et seq*.

2. Plaintiff alleges that Defendant unlawfully discriminated against him on the basis of his religion, denied his request for a religious accommodation, and retaliated against him for requesting a religious accommodation.

3. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs as remedies for Defendant's violations of his rights.

### II.  PARTIES

4. Plaintiff CLINT MCCOY is an individual residing in the Commonwealth of Virginia. He was employed as a Network Activation Technician with Defendant from approximately May 2002 to February 11, 2022.

5. Plaintiff is an "Employee" within the meaning of 42 U.S.C. § 2000*e*(f).

6. Defendant, COX COMMUNICATIONS operates and maintains offices throughout the Commonwealth of Virginia, including in Herndon, Virginia and Springfield, Virginia, the office location where Plaintiff worked from, and all of the events which give rise to this lawsuit occurred while the Plaintiff was employed by Defendant at this location.

7. At all times relevant herein, Defendant had at least fifty (50) employees.

8. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000*e*(b).

9. Defendant is liable for the acts of its employees and agents.

10. Neither party is an active duty member of the Armed Forces of the United States.

### III. JURISDICTION AND VENUE

11. The Court has original jurisdiction over this action pursuant to 28 U.S. Code § 1331.

12. Venue is proper pursuant to 28 U.S. Code § 1391, since the Defendant offices are located in this District and the events or omissions giving rise to the claim occurred in this District.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff timely filed a charge of discrimination with the Fairfax County Office of Human Rights and Equity Programs which was presented to the Equal Employment Opportunity Commission (Agency Charge No. 570-2022-01083) regarding the defendant's alleged discriminatory conduct on August 13, 2022.

14. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on August 16, 2022, attached hereto.

15. Plaintiff received the Notice of Right to Sue on August 16, 2022.

16. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## V. FACTUAL ALLEGATIONS

17. Plaintiff incorporates by reference paragraphs 1-16.

18. At all times material to this action, Plaintiff was employed by Defendant in Defendant's Springfield, Virginia office.

19. Plaintiff began working for Defendant in approximately May 2002 and his job title at the time of his termination was "Network Activation Technician I."

20. Plaintiff was notified on February 11, 2022 by the Defendant that he was terminated effective immediately.

21. In approximately August 2020, Defendant notified all employees, including Plaintiff, that by November 2020, it would require all employees to be "fully vaccinated" for the COVID virus.

22. Plaintiff has a sincerely-held religious belief that prevents him from receiving the COVID vaccine.

23. On September 21, 2021, Plaintiff sent an email to his Supervisor, Ronnie Saldana ("Saldana"); his Manager, Damion Burgess ("Burgess"); and his Director, Susan Marr ("Marr"), all employees and agents of Defendant, asking questions about the employer policies regarding COVID vaccine requirements and he requested a response to his email request via email.

24. On approximately September 28, 2021, Plaintiff had a meeting, via video, with Saldana, Burgess, and Marr, in which Marr stated that the employer would not respond to his

COVID-related questions and that he should contact his human resource representative (employee of Defendant).

25. On approximately October 6, 2021, Plaintiff sent an email to his human resources representative, Azariah Workman ("Workman"), employee and agent of Defendant, asking the same questions about the employer policies regarding the COVID vaccine requirements that he had previously sent to his managers and he requested Workman respond to his email request via email.

26. On approximately October 6, 2021, Workman sent an email response to Plaintiff's October 6, 2021 email stating to him stating she received his email and had attempted to reach him by telephone.

27. On approximately on October 13, 2021, Plaintiff sent an email to Workman asking for a response to his previous email.

28. On or about October 13, 2021, Workman called Plaintiff and stated that the employer/Defendant would not respond to any of his questions about the Defendant's COVID vaccine policy because that was the stance the Defendant had taken, and that Defendant was "standing by" their vaccine policy.

29. Approximately three (3) to four (4) weeks after his October 13, 2021 telephone discussion with Workman, Plaintiff received email from an unknown employee of Defendant's corporate office in Atlanta, Georgia, requesting to schedule a meeting with Plaintiff to discuss his concerns (relating to the October 13, 2021 email he sent to Workman).

30. On an undetermined date subsequent to the email contact with the Defendant's employee from Defendant's corporate office in Atlanta, Georgia, but prior to the end of November 2021, Plaintiff had a video meeting with the employee. In this meeting the

employee stated that the Defendant would not answer his COVID-related questions. At no time during the meeting did the employee of Defendant notify the Plaintiff of his right to request a religious accommodation to the Defendant's COVID vaccine requirement.

31. Approximately late-October 2021, Plaintiff submitted a written request for a religious accommodation from the Defendant's COVID vaccine requirements based on his sincerely-held religious beliefs.

32. On December 8, 2021, Defendant notified Plaintiff that his request for a religious accommodation was granted based on the following requirements: he was required to wear a mask, social distance, and submit to regular COVID-19 testing per the latest Company guidance, and "...adhere to customer premise requirements, CDC guidelines, any local COVID-19 restrictions, and Cox travel guidelines..." and that his "...accommodation will be reviewed in six (6) months or sooner, if needed, to determine if the accommodation is still required and/or if any modifications need to be made to the accommodation. In the meantime, we ask that you notify the Company if your needs change."

33. In January 2022, Plaintiff began receiving notices to conduct weekly COVID testing.

34. Plaintiff's sincerely-held religious beliefs prevent him from COVID testing.

35. In mid-January 2022, Plaintiff notified Defendant's human resources department that his sincerely-held religious beliefs prevented him from COVID-19 testing.

36. Approximately one (1) week after his email to Defendant human resources that his sincerely-held religious beliefs prevented him from COVID-19 testing, Plaintiff received an email from Defendant human resources stating that his email notice had been received and that he would receive a response from human resources.

5

37. On approximately January 31, 2022, Defendant implemented a requirement that employees granted an accommodation from the COVID vaccine, regularly conduct COVID-19 testing.

38. To implement COVID-19 testing, the Defendant sent self-testing packages each week to the Plaintiff and expected the Plaintiff to conduct the self-test and provide Defendant with the results.

39. Because Plaintiff had a sincerely-held religious belief which prevented him from COVID-testing, and because he had notified Defendant of this sincerely-held religious belief, and because Defendant had notified Plaintiff that Defendant would respond to his request for a religious accommodation from COVID testing, Plaintiff did not conduct the weekly COVID tests.

40. At no time did Defendant respond to Plaintiff's email notification of his sincerely-held religious belief preventing him from COVID testing, which constitutes a request for a religious accommodation from this requirement.

41. On February 9, 2022, Defendant placed Plaintiff on unpaid leave.

42. On February 13, 2022, Plaintiff received in the mail a letter from Defendant dated February 11, 2022 stating that Defendant had, "...made several attempts to contact [Plaintiff] via phone regarding [Plaintiff's] employment status, including leaving messages requesting a return call. As of today, [Defendant has] not received a return call...over the last two weeks, you have not complied with the requirements of the accommodation. In multiple conversations with you, most recently on February 9, 2022, you have continually informed us that you do not intend on complying with the requirements of your accommodation....As a result of your

failure to comply with company policy, and for non-compliance of your approved accommodation, your employment with Cox is terminated effective immediately."

43.     As of the date of this action, Plaintiff is no longer employed with Defendant.

44.     Plaintiff intended to continue working for Defendant until eligible for retirement.

## VI.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Religion-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

45.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 44 above.

46.     42 U.S. Code § 2000e-2 of Title VII prohibits discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's religion.

47.     Defendant denied Plaintiff's request for an accommodation by failing to consider Plaintiff for an accommodation to the requirement to submit to weekly COVID-19 testing in violation of his sincerely-held religious belief.

48.     Defendant terminated Plaintiff from employment without considering or responding to Plaintiff's request for an accommodation to the requirement to submit to weekly COVID-19 testing.

49.     As a result of Defendant's actions, Plaintiff has suffered economic damages based on lost pay and all benefits of employment and also suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

50. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race.

51. Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

52. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 51 above.

53. 42 U.S. Code § 2000*e et seq.* of Title VII, prohibits employers from discriminating against an employee because he requested a religious accommodation.

54. Plaintiff requested and was granted a religious accommodation to Defendant's requirement for all employees to have COVID-19 vaccinations, and then when Plaintiff subsequently requested a religious accommodation, the Defendant ignored his request and terminated him.

55. As a result of Plaintiff's requests for a religious accommodation, Defendant's agents and employees took materially adverse actions against Plaintiff, including, but not limited to issuing warning notices regarding complying with employer requirements and terminating his employment.

56. Defendant's adverse actions constituted retaliation.

57. As a direct, legal and proximate result of Defendant's retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for retaliation at trial.

58. Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

## DECLARATORY RELIEF ALLEGATIONS

59. A present and actual controversy exists between Plaintiff and Defendant. Plaintiff contends that Defendant violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000*e et seq*.

60. Plaintiff is informed and believes and thereon alleges that the Defendant denies these allegations. Declaratory relief is therefore necessary and appropriate.

61. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

62. For a declaration that Defendant's actions, policies, and practices as alleged herein are unlawful;

63. For all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

64. For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

65. For punitive damages in an amount to be determined at trial;

66. For interest on lost wages, compensation, and damages, including pre-and post-judgment interest and an upward adjustment for inflation;

67. For an order enjoining Defendant from engaging in the unlawful acts complained of herein;

68. For reasonable attorneys' fees and costs of suit; and

69. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

70. Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

Dated: November 14, 2022

Respectfully submitted,
CLINT MCCOY
By Counsel

/s/ Matthew E. Hughes
Matthew E. Hughes (VSB No. 95105)
Law Office of Matt Hughes, PLLC
3900 University Dr., Ste 200
Fairfax, Virginia 22030
Fax (703) 884-3385
Tel (703) 844-0140
Email: matt@matthugheslaw.com
*Counsel for Plaintiff Clint McCoy*